IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1407-M-KS

| | | |
|---|---|---|
| RANDI GARRISON SHERIDAN,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security Administration,<br><br>Defendant. | ) | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision terminating Plaintiff Randi Garrison Sheridan's disability insurance benefits ("DIB"). The parties have fully briefed the matter pursuant to the Supplemental Rules for Social Security Actions, and this matter is ripe for decision. Having carefully reviewed the administrative record and the parties' briefs, the undersigned recommends that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## STATEMENT OF THE CASE

On September 10, 2014, an ALJ found Plaintiff disabled as of May 17, 2012, because Plaintiff met Listing 1.02(A) for major dysfunction of a joint. (R. 209–18.) In an initial continuing disability review ("CDR") decision dated June 28, 2017, the Commissioner notified Plaintiff that her DIB benefits would terminate at the end of August 2017 because it had been determined her disability had ceased as of June 28,

2017. (R. 240, 370–72.) This cessation determination was upheld on reconsideration on February 7, 2018. (R. 241–42.) Plaintiff requested a hearing before an administrative law judge ("ALJ"), and ALJ Scott Shimer held a video hearing on April 23, 2019. (R. 140–77, 246.) ALJ Shimer issued an unfavorable decision on October 23, 2019. (R. 246–60.) On June 17, 2020, the Appeals Council granted Plaintiff's request for review of ALJ Shimer's decision and remanded the matter to an ALJ. (R. 261–64.) This was the first of four remand orders from the Appeals Council. (*See* Pl.'s Br. [DE #13] at 2–3; Comm'r's Br. [DE #16] at 2.)

After the Appeals Council's fourth and final remand order, ALJ Tammy Georgian held a telephonic hearing on February 1, 2024, and issued an unfavorable decision on May 22, 2024. (R. 10–59.) On June 23, 2025, the Appeals Council denied review of ALJ Georgian's decision. (R. 1–6.) At that time, ALJ Georgian's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff initiated this action on August 15, 2025, seeking judicial review under 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

**II. Continuing Disability Determination**

In an initial disability determination, the Commissioner utilizes a sequential five-step evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). Where benefits are granted, the Commissioner periodically reviews the claimant's impairments to determine whether there has been medical improvement such that the claimant is no longer disabled. 20 C.F.R. §§ 404.1589, 404.1594. For purposes of this review, "medical improvement" is defined as any decrease in the medical severity of the impairment present at the time of the most recent favorable disability decision. 20 C.F.R. §§ 404.1594(b)(1). Thus, a comparison is made between the claimant's current condition

and her condition at the time of the most recent favorable disability decision, which decision is referred to as the comparison point decision. *Smith v. Astrue*, No. 7:09-CV-41-D, 2010 WL 2691583, at *1 (E.D.N.C. July 6, 2010), *M. & R. adopted*, 2010 WL 3028935 (E.D.N.C. Aug. 2, 2010).

The Commissioner's regulations establish an eight-step procedure for determining whether a DIB recipient continues to be disabled. 20 C.F.R. § 404.1594; *see Dowling v. Comm'r of SSA*, 986 F.3d 377, 383 (4th Cir. 2021) (summarizing the procedure); (R. 11–12) (same). The Commissioner asks, sequentially, whether

> (1) the claimant is engaged in substantial gainful activity;
>
> (2) the claimant has an impairment or combination of impairments that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1;
>
> (3) there has been medical improvement as shown by a decrease in medical severity of the impairments present at the time of the comparison point decision;
>
> (4) any medical improvement is related to the claimant's ability to work;
>
> (5) there is an exception to medical improvement;
>
> (6) the claimant's current combination of impairments is severe;
>
> (7) the claimant can perform past relevant work; and

> (8) the claimant, based on her age, work experience, and residual functional capacity ("RFC"), can adjust to other work that exists in significant numbers in the national economy.

20 C.F.R. § 404.1594(f).

### III. ALJ's Findings

Applying the eight-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity. (R. 12.) At step two, the ALJ determined that, since August 31, 2017, Plaintiff has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 14.) The ALJ expressly considered Listings 1.15, 1.18, and 1.19. (R. 14–16.) At step three, the ALJ determined that medical improvement occurred on August 31, 2017. (R. 16.) At step four, the ALJ determined that the medical improvement is related to Plaintiff's ability to work. (R. 17.) Because of this determination, the ALJ proceeded to step six, finding that Plaintiff has continued to have a severe impairment or combination of impairments. (*Id.*) Before proceeding to step seven, the ALJ assessed Plaintiff's RFC and found that Plaintiff has had the RFC to perform light work with additional limitations since August 31, 2017. (*Id.*) At step seven, the ALJ determined that Plaintiff has been unable to perform her past relevant work since August 31, 2017. (R. 23.) At step eight, the ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national

economy that Plaintiff has been able to perform since August 31, 2017. (*Id.*) The ALJ concluded that Plaintiff's disability ended on August 31, 2017, and that Plaintiff has not become disabled again since that date. (R. 24.)

## IV. Plaintiff's Arguments

Plaintiff raises two arguments: (A) the ALJ erred by determining that Plaintiff did not meet a listing, and (B) the ALJ improperly discounted Plaintiff's symptom severity statements by mischaracterizing the record regarding Plaintiff's pain medication usage. (Pl.'s Br. at 13–27.) The Commissioner contends (A) the ALJ properly determined that medical improvement occurred and Plaintiff's impairments no longer met listing-level severity, and (B) the ALJ did not mischaracterize the record in analyzing Plaintiff's symptom severity statements. (Comm'r's Br. at 7–16.) The undersigned agrees with Plaintiff that the ALJ erred in her listings evaluation at step two and, therefore, recommends remand.

Where a claimant has a severe impairment and the record contains evidence that symptoms related to the impairment "correspond to some or all of the requirements of [a listing]," it is incumbent upon the ALJ to identify the listing and to compare the claimant's symptoms to each of the listing's requirements. *Cook*, 783 F.2d at 1172–73. An ALJ's failure to compare a claimant's symptoms to the relevant listing or to explain, other than in a summary or conclusory fashion, why the claimant's impairments do not meet or equal a listing "makes it impossible for a reviewing court to evaluate whether substantial evidence support the ALJ's findings." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *see also Cook*, 783 F.2d at 1173.

At step two in a CDR matter where a claimant has previously been found to meet a listing, the ALJ must determine whether the claimant's "prior impairment(s) no longer meets or equals the same listing section used to make [the Commissioner's] most recent favorable decision." 20 C.F.R. § 404.1594(c)(3)(i). The parties agree this regulation means the ALJ must determine whether the claimant meets the listing she met at the comparison point decision. (Comm'r's Br. at 6 n.1 (citing 20 C.F.R. § 404.1594(c)(3)(i))); Pl.'s Br. at 14, 19; Pl.'s Reply [DE #17] at 4.) This requirement applies even if the listing met in the comparison point decision has been changed or, as in this case, eliminated. *See Jackson v. O'Malley*, 747 F. Supp. 3d 865, 871–72 (D.S.C. 2024) (analyzing parallel supplemental security income regulation, 20 C.F.R. § 416.994). Crucially, the ALJ must first determine whether the claimant continues to meet the listing met in the comparison point decision. *See* 20 C.F.R. § 404.1594(c)(3)(i) ("If medical improvement has occurred and the severity of the prior impairment(s) no longer meets or equals the same listing section used to make [the Commissioner's] most recent favorable decision, [the Commissioner] will find that the medical improvement was related to [the claimant's] ability to work. . . . If there has been medical improvement to the degree that the requirement of the listing section is no longer met or equaled, then the medical improvement is related to [the claimant's] ability to work.").

Listing 1.02(A), which Plaintiff met at the time of the comparison point decision, no longer exists.[1] *See* 20 C.F.R. Part 404, Subpart P, App. 1. For the reasons explained above, it was incumbent on ALJ Georgian to evaluate whether Plaintiff met the requirements of historical Listing 1.02(A). Despite recognizing that Plaintiff met historical Listing 1.02(A) at the time of the comparison point decision, ALJ Georgian did not evaluate whether Plaintiff met the severity requirements of historical Listing 1.02(A). (R. 12–17.) ALJ Georgian only evaluated whether Plaintiff met the severity requirements of Listings 1.15, 1.18, and 1.19. (R. 14–16.) This is a legal error that requires remand. *See Jackson*, 747 F. Supp. 3d at 874; *Radford*, 734 F.3d at 295.

The Commissioner's position appears to be that ALJ Georgian provided sufficient explanation for concluding Plaintiff did not meet the requirements of historical Listing 1.02(A) because, in discussing whether Plaintiff met the requirements of Listing 1.18, ALJ Georgian implicitly discussed the requirements of historical Listing 1.02(A). (Comm'r's Br. at 8, 12 (arguing that ALJ Georgian "gave numerous other examples of why Plaintiff's impairments no longer resulted in [the severity requirements] . . . required by historical Listing 1.02A" and that the ALJ provided a "well-supported finding that Plaintiff no longer met historical [L]isting

[1] The undersigned adopts the Commissioner's nomenclature and will refer to this listing as "historical Listing 1.02." (Comm'r's Br. at 6 n.1.) A copy of the text of historical Listing 1.02 from Westlaw as it existed at the time of the comparison point decision is attached as an appendix to this memorandum and recommendation for ease of reference ("Appendix to M. & R.").

1.02A").) This position must be rejected for two simple reasons: (1) ALJ Georgian never discussed the severity requirements of historical Listing 1.02(A), which are materially different from the requirements for the listings ALJ Georgian evaluated,[2] and (2) the Commissioner engages in proscribed post-hoc rationalization by contending that ALJ Georgian's findings as to whether Plaintiff met the severity requirements of Listing 1.18 suffice for an evaluation of whether Plaintiff met the severity requirements of historical Listing 1.02(A). *See Radford*, 734 F.3d at 294 (rejecting the Commissioner's attempt to justify denial of benefits as post-hoc rationalization); *Arakas v. Comm'r of SSA*, 983 F.3d 83, 109 (4th Cir. 2020) (post-hoc rationalization by the Commissioner is proscribed).

Lastly, an order of remand to the Commissioner rather than an award of benefits is appropriate here because determining whether Plaintiff meets the requirements for historical Listing 1.02(A) requires factual determinations this court is ill-equipped to address in the first instance. *See Radford*, 734 F.3d at 295; *Jackson*, 747 F. Supp. 3d at 874 (ordering remand after determining the ALJ failed to apply the correct version of the relevant listing). Plaintiff's remaining argument concerning the evaluation of her symptom severity statements need not be addressed now as the matter can be raised on remand.

---

[2] One obvious difference between historical Listing 1.02(A) and Listing 1.18 (the closest analogue to historical Listing 1.02(A)) is that historical Listing 1.02(A) does not require the medical necessity of a hand-held assistive device or wheelchair. *Compare* Historical Listing 1.02(A), 20 C.F.R. Part 404, Subpart P, App.1, §§ 1.00(b), 1.02(A) (Appendix to M. & R.; Comm'r's Br. at 6 n.1) *with* Listing 1.18, 20 C.F.R. Part 404, Subpart P, App. 1, § 1.18(D)(1).

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **September 3, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district

judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 20th day of August 2026.

KIMBERLY A. SWANK
United States Magistrate Judge